[No. 21629.   Department Two.   March 18, 1929.]

GLOBE MANUFACTURING COMPANY, *Appellant*, v. ALBERT E. DURLAND *et al., Respondents.*[1]

Carkeek, McDonald, Harris & Coryell and Albert H. Solomon, for appellant.

Wingate & Benz, for respondents.

MILLARD, J.—This action was brought to recover the sale price of certain vises and the cost of tools and dies used in their manufacture. The defendant, by cross-complaint, sought cancellation of the contract and the return of money advanced to the plaintiff. The trial was to the court, without a jury, and resulted in findings and judgment in favor of the defendants, from which the plaintiff has appealed. The contract on which this action is based, obligated the appellant to manufacture, according to model, certain vises for which the respondents had patent rights. Respondents paid three hundred dollars to appellant for the dies, tools and jigs which appellant was to manufacture, and agreed to pay two hundred additional from

[1] Reported in 275 Pac. 705.

the royalties after the first one thousand vises had been sold by the appellant. Respondents agreed to purchase, at a stipulated price, the first two hundred vises if appellant could not effect a sale of the same within a stated period.

Respondents' defense to this action to recover the sale price of the vises and the balance due on the cost of the tools, was that the vises were of no value, not having been made according to the pattern. The prayer of respondents' cross-complaint was for cancellation of the contract and the return of the money advanced to appellant. Appellant has not brought here a statement of facts, but relies, for reversal, upon the failure of the court to enter sufficient findings of fact to support the judgment. It clearly appears from the findings what questions were decided by the trial court. The trial court specifically found a written contract between the parties, the pertinent provisions of which we have recited, and also found that the vises manufactured by the appellant were not in substantial compliance with the model furnished to the appellant by the respondents, and that the dies, tools and jigs made by the appellant were not such as could be used in the manufacture of parts which would conform to the model furnished by respondents to the appellant. Conclusions of law and judgment followed that respondents recover the three hundred dollars advanced to appellant.

Reducing the issues to the simplest terms, the question is, Was there a compliance with the terms of the contract?

The trial court definitely found that the appellant had not performed the conditions of the contract, from which it followed logically that appellant should not prevail, and that respondents were entitled to a return of the money paid when the contract was executed.

The findings support the judgment, and it is therefore affirmed.

MITCHELL, C. J., FRENCH, MAIN, and PARKER, JJ., concur.